Receipt No. 066693

ORIGINAL

FILED
JUN 21 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**SANDRA ROOKER CULVER n.k.a,**
**SANDRA CULVER**

**Plaintiff**

**v.**

**THE UNITED STATES**

**Defendant**

**No. 07-404 T**

**COMPLAINT**

THE PLAINTIFF, by her undersigned counsel, brings this action against Defendant, and in support thereof avers as follows:

1. Plaintiff is Sandra Rooker Culver, n.k.a., Sandra Culver, a divorced mother of two children, with the current mailing address of 6814 Tanners Creek Road, Huntersville, NC 28078.

2. The address on her return is 2116 Courtside Lane, #205, Charlotte, NC 28270. Plaintiff's Social Security Number is 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.

3. The Defendant is the United States of America.

4. The Agency Code is TRE and jurisdiction code is Individual Income Tax 212.

5. The Civil Penalty period here involved is 1996 under code Section 6672.

6. On November 4, 2005, Plaintiff filed a Petition with the United States District Court, Eastern District of Pennsylvania to Claim Refund and Request for Abatement and Removal of Penalties and Interest for Erroneous Assessment.

7. On March 17, 2006, a Stipulation for Voluntary Dismissal Without Prejudice was filed with the Court.

8. On April 5, 2006 Plaintiff filed an Appeal with to the United States Tax Court and said Petition was dismiss for lack of jurisdiction.

9. On or about October 30, 2003, Plaintiff received notice from the IRS of a deficiency of $23,746.00 in taxes, penalties and interest, under Internal Revenue Code (IRC) section 6672. (A true and correct copy is attached as Exhibit "A").

10. Plaintiff never received written notification of a preassessment against her. Further, Plaintiff was neither a "signatory" nor a "responsible party" as defined in the Code Section 6672, which would permit the assessment of the payroll tax liability against her.

11. Plaintiff has had the following refunds taken and applied against the wrongly assessed penalty. These are as follows:

| | |
|---|---|
| 1998 | $854.00 |
| 1999 | $1301.00 |
| 2000 | $122.00 |
| 2001 | $946.00 |
| 2002 | $1454.00 |
| 2003 | $1699.00 |
| 2004 | $1232.00 |

2005 & 2006 a total of $1500.00

12. On November 23, 2003, Plaintiff and her ex-husband, David Rooker, wrote a letter addressed to the attention of Richard Riggsbee informing the IRS of the errors in filing of the returns and respectfully requested the IRS to abate the taxes, penalties and interest in the amount of $23,746.00 for the following reasons:

    a. In 1994 and 1995 the returns were to have been prepared by an Anita Hill, IRS agent in Charlotte, North Carolina, as "Married Filing Jointly";

    b. No taxable wages were paid to Sandra Rooker, a.k.a Sandra Culver, in December 1995 by RyLan Sales., Inc. EIN 56-1900773;

    c. An additional amount of $3,275.00 should have been deducted for an additional dependant for the tax years ending December 31, 1994 and December 31, 1995;

    d. The amount of $56, 854.00 of taxable self-employment income calculated by the IRS is incorrect. The appropriate deductions were not applied for travel expenses and were incorrectly applied as income.

13. On January 18, 2004, Plaintiff filed a Petition for Determination of Relief from Joint and Several Liability on a Joint Return with the United States Tax Court, Docket No.9542-03, designation of trial, Winston-Salem, NC. Petitioner provided the following supporting documents:

a. Letter provided to the IRS by David Rooker and Sandra Rooker;
b. Relief requested document;
c. Copy of the IRS Form 8857;
d. Copy of NC separation document Article II, Section 2.2

14. On April 27, 2004, Plaintiff received a notice from the IRS Appeals Office, Refer Reply #AP:FE:A4:CHA:SGM, stating Plaintiff's pending United States Tax Court case had been referred to Sandi Mical-Edens, Appeal Officer for a possible settlement, with a conference date of May 17, 2004 at 1:00pm. (A true and correct copy is attached and marked Exhibit "B").

15. On May 19, 2004, Plaintiff, by and through her attorney, Eugene A. Steger, sent letters to all company controllers that incorrectly issued a 1099 to Plaintiff in 1994 since Ms. Rooker did not receive any income from these companies. Further, Plaintiff requested that each and every controller issue an amended 1099 with the correct amount of $0.00.

16. On May 19, 2004, Plaintiff, by and through her attorney, Eugene A. Steger, sent a letter to Ms. Edens concerning the 6672 assessment against Petitioner for back payroll taxes. Ms. Rooker was neither a "signatory" nor a "responsible party" as defined in the Code which would permit the assessment of the payroll tax liability against her. Ms. Rooker never received a "Preassessment Notification" as the assessments were wrongly placed against her. She has had refunds for tax years 1998-2002 wrongfully withheld from her.

17. Plaintiff has filed a separate claim for refund for each of these amounts with the Internal Revenue Service and requested the removal of the assessment against her and approval of her refund.

18. On June 22, 2004, Plaintiff, by and through her attorney, Eugene A. Steger, sent a letter 2nd letter to Ms. Edens concerning the same assessment against Plaintiff for back payroll taxes.

19. On September 28, 2004, The United States Tax Court issued a Notice Setting Case for Trial with Trial Session to begin on December 13, 2004.

20. On November 15, 2004, the IRS Appeals Officer, Sandi Mical-Edens sent a letter at the request of the United States Tax Court to schedule a conference to discuss a possible settlement.

21. On November 20, 2004, Petitioner and the IRS filed a Stipulation with the United States Tax Court, for the tax years 1994 and 1995 for individual tax liability.

22. On December 17, 2004, the United States Tax Court entered a Decision pursuant to the stipulations by the parties. (A true and correct copy is attached and marked Exhibit "C")

23. On February 4, 2005, Plaintiff filed Form 843, Claim for Refund and Request for Abatement since her refund for Tax years 1998, 1999, 2000, 2001, 2002 was wrongly taken and applied to the unpaid 1996 payroll taxes of her former husband's company, Rylan Sales, Inc.. Plaintiff was a stay at home Mother and had no control over the payroll of Rylan Sales, Inc., nor did she have any control over the non-payment of Rylan Sales, Inc.'s payroll taxes for the year 1996. Further, Plaintiff's former husband, David Rooker, was falsely and without authority utilizing Ms. Culver's Social Security Number as the primary responsible party.

24. On February 11, 2005, Plaintiff, by and through her attorney, sent a letter to the IRS Special Procedures Branch in Pittsburgh, along with Power of Attorney Form 2848, and Form 843 Claim for Refund and Request for Abatement for tax years 1998, 1999, 2000, 2001 and 2002. Plaintiff, at no time, receive a Preassessment Notification of Section 6672 penalties, nor was she informed of her necessary appeal rights before imposition of the penalty. Plaintiff has had refunds for tax years 1998 through 2006 wrongly withheld from her as the assessments were wrongly assessed against her. (A true and correct copy is attached and marked Exhibit "D")

25. Plaintiff filed a separate claim for refund for each of these amounts with the Internal Revenue Service. To date, the IRS has failed to remove the Section 6672 assessment against her and approve her refund.

26. Plaintiff is neither a "signatory" nor a "responsible party" as defined in the Code which would permit the assessment of the payroll tax liability against her.

THEREFORE, the Plaintiff is not a responsible party as defined in the Code and is entitled to relief from for penalties and accrual of interest set forth by the Defendant. Plaintiff is further entitled to a recomputation of the underlying assessment and to approve her refund.

Dated this 20th day of June, 2007

Respectfully submitted,

Eugene A. Steger, Esquire
Attorney for Plaintiff
PA Attorney ID #25370
Steger & Ring, P.C.
411 Old Baltimore Pike
Chadds Ford, PA 19317
610-388-7800
610-388-9332