IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-404 T

(Robert H. Hodges, Jr., Senior Judge )

SANDRA ROOKER CULVER,

Plaintiff

v.

THE UNITED STATES,

Defendant

**MOTION FOR PARTIAL DISMISSAL**

The government respectfully requests this court, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), to dismiss, in part, plaintiff's complaint. The court lacks subject matter jurisdiction over plaintiff's suit to the extent that she seeks refunds of amounts for which no timely administrative claim for a refund was made.

QUESTION INVOLVED

Does the court have jurisdiction over claims for refund of payments applied to an assessment of a penalty imposed under § 6672 of the Internal Revenue Code[1] when the claims for refund were filed more than two years after the payments were made?

STATEMENT OF THE CASE

Congress requires employers to deduct from each employee's wages the amount of tax imposed by the Federal Insurance Contributions Act ("FICA") and an amount

[1] Unless otherwise specified, references to "Section(s)" or "§" are to the Internal Revenue Code of 1986, Title 26 of the United States Code, as amended.

withheld for federal income taxes. §§ 3102(a), 3402(a). These amounts are held in trust for the United States by employers, who are liable for the payment of these amounts to the government. §§ 7501(a), 3102(b), 3403.

Occasionally, an employer breaches its fiduciary duty and fails to turn over the deducted amounts as required. In these instances, "separate and distinct from [the liability] imposed on the employer under [S]ections 3102 and 3402" to remit the trust fund taxes, *United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1548-49 (11th Cir. 1986) (citations omitted), Congress, through § 6672, "imposes a penalty on any person responsible for collecting and paying over to the IRS income tax withholding and employee FICA tax amounts who willfully fail[s] to do so." *Bronson v. United States*, 46 F.3d 1573, 1574 (Fed. Cir. 1995).[2]

Rylan Sales, Inc., paid wages to employees during the quarters ended September 30, 1995, December 31, 1995, March 31, 1996, and June 30, 1996, but failed to remit to the government the FICA taxes and income tax withholding amounts Rylan Sales deducted from its employees' wages. *See* DX B (Form 4183, Recommendation Re: Trust Fund Recovery Penalty) at 4.[3] The Internal Revenue Service ("IRS") initiated an investigation and determined plaintiff Sandra Culver to be a responsible person to whom the penalty of § 6672 applied. *See id.* at 1. Accordingly, the IRS entered an assessment against Ms. Culver on April 14, 1997, in the amount of $28,061.88. DX C (Form 2866,

[2] "Any person required to collect, truthfully account for, and pay over any tax imposed by this title [*i.e.*, the Internal Revenue Code] who willfully fails to collect such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." § 6672(a).

[3] Citations to the government's exhibits accompanying the supporting declaration are denoted as "DX."

Certificate of Official Record, and Annexed Transcript of Account ("Account Transcript for Trust Fund Penalty")) at 3. To date, Ms. Culver has not satisfied this obligation. *Id.*[4]

Congress permits the IRS to credit a taxpayer's amount of an overpayment regarding one internal revenue tax against that same taxpayer's liability respecting a different internal revenue tax. § 6402.[5] Ms. Culver overpaid her individual income taxes for 1998, 2000, 2001, 2002, 2003, and 2004. DX C (Account Transcript for Trust Fund Penalty) at 3. These amounts were not refunded to her but were instead credited, in accord with § 6402(a), against her trust fund penalty liability. *Id.*[6] Specifically, the IRS credited Ms. Culver's 1998 income tax overpayment against the penalty liability as of April 15, 1999, her 2000 income tax overpayment as of September 24, 2001, and her 2001 income tax overpayment as of April 15, 2002. DX C (Account Transcript for Trust

[4] Typically, "[w]here the principal tax deficiency has not been paid in full, . . . tax refund claims are dismissed." *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993). Courts, however, recognize that "deficiencies . . . divisible into a tax on each transaction or event . . . present an entirely different problem with respect to the full-payment rule." *Flora v. United States*, 362 U.S. 145, 171 n.37 (1960); *see also id.* at 175 n.38. "Penalties imposed under I.R.C. § 6672 are considered a cumulation of separable assessments for each of the employees involved, . . . permitting suit after payment of one or more employee's taxes." *Fidelity Bank, N. A. v. United States*, 616 F.2d 1181, 1182 n.1 (10th Cir. 1980); *see also Bronson*, 46 F.3d at 1576 n.8; *Davis v. United States*, 961 F.2d 867, 870 n.2 (9th Cir. 1992) ("Full payment of the tax is not a jurisdictional prerequisite under the circumstances of this case [*i.e.*, a challenge to trust fund penalties] because the tax due is divisible.").

[5] "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person." § 6402(a).

[6] The amounts of the income tax overpayments applied to Ms. Culver's trust fund penalty liability were $854.00 from 1998, $58.85 from 2000, $946.00 from 2001, $1,454.00 from 2002, $1,699.00 from 2003, and $1,232.00 from 2004. DX C (Account Transcript for Trust Fund Penalty) at 3.

Fund Penalty) at 3. The transfers of Ms. Culver's income tax overpayments for 2002, 2003, and 2004 occurred on later dates. *Id.*[7]

Ms. Culver alleges that she filed administrative refund claims with the IRS on February 4 and 11, 2005. Compl. ¶¶ 23, 24.[8] On June 21, 2007, Ms. Culver filed the present suit for refund in this court.

ARGUMENT

All federal courts have limited jurisdiction. *See RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998). For this reason, jurisdiction must be established as a threshold matter before the court may proceed with the merits of any action. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998); *LABAT-Anderson, Inc. v. United States*, 65 Fed. Cl. 570, 574 (2005). As plaintiff, Ms. Culver bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over her claim. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Ryan v. United States*, 57 Fed. Cl. 731, 733 (2003). Plaintiff

---

[7] IRS records do not reflect any overpayment credits from 1999, 2005, or 2006 to Ms. Culver's penalty liability. *See* DX C (Account Transcript for Trust Fund Penalty) at 3.

[8] The IRS reports that it has not been able to find a record of receiving from Ms. Culver administrative refund claims from February 4 or 11, 2005. Plaintiff has supplied the government certified mail delivery receipts ostensibly from the submission of her claims. On October 10, 2007, plaintiff's counsel promised to provide the government an affidavit from the person who mailed these claims, which affidavit would contain averments (a) that the administrative refund claims were mailed on February 4 and 11, 2005, (b) that Exhibit D of the Complaint is a true and accurate copy of each of these submissions, and (c) that the delivery receipts correspond to the mailing of these claims. The government has not yet received this affidavit but nonetheless refrains from raising the larger question of whether subject matter jurisdiction exists over *any* part of this suit. If plaintiff does not produce the affidavit, the government will seek the dismissal of the remainder of this suit.

has failed to allege, let alone demonstrate, facts that would provide the basis for this court to exercise subject matter jurisdiction over certain portions of her suit.

Through the Tucker Act, Congress has conferred on this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A suit seeking a refund of taxes paid is included within this grant. *See Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967), *abrogated in part on other grounds by Malone v. United States*, 849 F.2d 1441, 1444-45 (Fed. Cir. 1988); *Biddulph v. United States*, 74 Fed. Cl. 765, 767 (2006). *Cf.* 28 U.S.C. § 1346(a)(1) (providing that district courts shall have jurisdiction concurrent with that of this court to consider tax-refund suits). This statutory grant, however, is not without qualification.

"Tax refund claims brought under Tucker Act jurisdiction are . . . restricted by administrative requirements." *Andalex Resources, Inc. v. United States*, 54 Fed. Cl. 563, 565 (2002). Before a tax refund claim can be considered by a court, it must first be filed with the IRS within applicable time limitations. *See* § 7422(a); *see also United States v. Dalm*, 494 U.S. 596, 602 (1990) (claim for refund must be filed within time limits of § 6511(a)); *Sun Chemical Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("a *timely*, sufficient claim for refund is a jurisdictional prerequisite to a refund suit") (emphasis added)); *Minehan v. United States*, 75 Fed. Cl. 249, 254 (2007) (claim for refund must be filed within time limits of § 6511(a)); *accord Marandola v. United States*,

76 Fed. Cl. 237, 243 (2007).[9] A plaintiff's "[f]ailure to plead and demonstrate that a timely administrative claim has been filed . . . wrests jurisdiction from this court." *Andalex Resources*, 54 Fed. Cl. at 565-66 (quoting *Williams v. United States*, 11 Cl. Ct. 189, 191-92 (1986), *aff'd* 818 F.2d 877 (Fed. Cir. 1987)).

The time limitation of § 6511 controls the timeliness of an administrative claim for refund of amounts paid toward penalties assessed under § 6672. *Pham v. United States*, 42 Fed. Cl. 886, 888 (1999).[10] "[A] taxpayer seeking a refund of a § 6672 penalty must file an administrative claim within two years from the time the tax is paid in order to satisfy the requirement of § 6511(a)." *Kuznitsky v. United States*, 17 F.3d 1029, 1033 (7th Cir. 1994).[11]

---

[9] "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard*, and the regulations of the Secretary established in pursuance thereof." § 7422(a) (emphasis added).

[10] "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid." § 6511(a). *See also Wadlington v. United States*, 68 Fed. Cl. 145, 146 (2005) ("Section 6511 . . . places limitations on when a claimant may file for a tax refund or credit."), *aff'd*, 176 Fed. App'x 105 (Fed. Cir. 2006).

[11] The Seventh Circuit held that "the three-year limitations period in § 6511(a) does not apply to a party seeking a refund of a § 6672 penalty because that party is not a taxpayer who, with respect to the tax at issue, has filed a return." *Kuznitsky*, 17 F.3d at 1032 (discussing *USLIFE Title Ins. Co. v. Harbison*, 784 F.2d 1238, 1243 n.6 (5th Cir.1986); *Cella v. United States*, 80-1 U.S. Tax Cas. (CCH) ¶ 9369, at 83,981, 1980 WL 1535 (E.D.N.Y. 1980); *Montana v. United States*, 76-1 U.S.Tax Cas. (CCH) ¶ 9145, at 83,159 n.1, 1975 WL 767 (D. Neb. 1975)).

Ms. Culver's 1998 income tax overpayment was applied to the trust fund penalty imposed on her under § 6672 as of April 15, 1999. DX C (Account Transcript for Trust Fund Penalty) at 3. Her 2000 income tax overpayment was applied to the trust fund penalty as of September 24, 2001. *Id.* Her 2001 income tax overpayment was applied to the trust fund penalty as of April 15, 2002. *Id.* More than two years elapsed from each of these dates of payment before February 4, 2005, on which date Ms. Culver avers that she filed her administrative refund claim. Compl. ¶¶ 23, 24. Accordingly, even assuming Ms. Culver filed her administrative refund claims on February 4, 2005, the claims would be untimely with regard to the amounts applied from her 1998 income tax overpayment, 2000 income tax overpayment, and 2001 income tax overpayment to her assessment of trust fund penalties. *Pham*, 42 Fed. Cl. at 889 ("[P]laintiff loses any entitlement he may have had to a refund of . . . penalty payments made by him or credited toward his alleged liability prior to November 14, 1993, that is to say more than two years before he filed his administrative claim[, but] [p]laintiff may proceed with his claim for a refund of . . . the payments made by him or credited toward his alleged liability after November 14, 1993."). In the absence of timely administrative refund claims, the court

---

Whether or not the three-year limitations period applies to a trust fund penalty refund suit, an administrative refund claim filed in February 2005 would be untimely with respect to Ms. Culver's income tax overpayments from 1998, 2000, or 2001. Rylan Sales, Inc., filed its Form 941 for the period ended September 30, 1995, on November 24, 1995; for the period ended December 31, 1995, on March 7, 1996; for the period ended March 31, 1996, on May 20, 1996; and for the period ended June 30, 1996, on July 31, 1996. DX A (Form 2751, Proposed Assessment of Trust Fund Recovery Penalty). By February 4, 2005, more than three years had elapsed from the dates on which Rylan Sales, Inc., had filed the relevant Forms 941. *Cf. Pham*, 42 Fed. Cl. at 888 (declining to decide whether a penalty assessed under § 6672 is a penalty "in respect of which the taxpayer is required to file a return" within the meaning of § 6511(a) because the Forms 941 for the tax periods in issue had all been filed more than three years before any refund claim was made).

lacks subject matter jurisdiction over the present refund suit to the extent that Ms. Culver may seek refunds of these amounts. *See* §§ 6511(b), 7422(a); *Dalm*, 494 U.S. at 602; *Sun Chemical Corp.*, 698 F.2d at 1206; *Andalex Resources*, 54 Fed. Cl. at 565-66.

Thus, the court lacks jurisdiction over plaintiff's claim for refund of $854.00 applied from 1998, $58.85 applied from 2000, and $946.00 applied from 2001.

## CONCLUSION

For the reasons stated, pursuant to RCFC 12(b)(1), the complaint should be dismissed-in-part for lack of subject matter jurisdiction insofar as plaintiff seeks refunds of amounts applied from her 1998, 2000, and 2001 income tax overpayments to the trust fund penalties imposed under § 6672 and assessed against her on April 14, 1997.

Respectfully submitted,

s/ Richard H. Bowles
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ G. Robson Stewart
Of Counsel

November 2, 2007