IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-404 T

(Robert H. Hodges, Jr., Senior Judge )

---

SANDRA ROOKER CULVER,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

**ANSWER AND COUNTERCLAIM**

---

Defendant, the United States, through its attorneys, and after the inquiry required by 28 U.S.C. § 520, hereby answers the Complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained therein not specifically admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits that Sandra Rooker Culver is the plaintiff in this action, but states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Admits the allegations of the first sentence of paragraph 2 to the extent plaintiff may be referring to her Form 1040 for 1998. Denies the allegations of the first sentence of paragraph 2 insofar as plaintiff may be referring to her Forms 1040 for 1996, 1999, 2000, 2001, and 2002.

States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 2 to the extent plaintiff may be referring to other tax returns for other tax periods. Admits the allegations of the second sentence of paragraph 2.

3. Admits the allegations of paragraph 3.

4. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Denies the allegations of paragraph 5. Avers that penalties under Section 6672 of the Internal Revenue Code, relating to the failure to pay over taxes withheld from employees, are assessed on a quarterly basis. Avers further that the Internal Revenue Service assessed Section 6672 penalties against plaintiff for the second quarter of 1996, ending June 30, 1996.

6. Admits the allegations in paragraph 6.

7. Admits the allegations in paragraph 7.

8. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. States that it lacks knowledge or information sufficient to form a belief as to correspondence plaintiff alleges she received on or about October 30, 2003. Denies that the document plaintiff attaches as Exhibit A is a notice of deficiency of "income taxes, penalties and interest, under Internal Revenue Code (IRC) section 6672." States that it lacks knowledge or information sufficient to form a belief whether Exhibit A is a true and correct copy of a document plaintiff received a document from the Internal Revenue Service. Avers that Exhibit A is a Notice of Deficiency that determined plaintiff owed additional income tax, interest, and penalties for the tax years 1994 and 1995 and did not address penalties under Section 6672 for

failure to pay over withheld employment taxes.

10. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 10. The allegations of the second sentence of paragraph 10 constitute conclusions of law to which no response is necessary.

11. Admits that income tax overpayments from other years were applied to partially satisfy the Section 6672 penalties assessed against plaintiff. Denies that Section 6672 penalties were wrongly assessed against plaintiff. Denies that plaintiff's allegations regarding the amounts and years are fully accurate and states that the income tax years and applied overpayments are as follows:

| Income tax year ending | Amount of overpayment applied to § 6672 liability |
|---|---|
| December 31, 1998 | $ 854.00 |
| December 31, 1999 | 0.00 |
| December 31, 2000 | 58.85 |
| December 31, 2001 | 946.00 |
| December 31, 2002 | 1,454.00 |
| December 31, 2003 | 1,699.00 |
| December 31, 2004 | 1,232.00 |
| December 31, 2005 | 0.00 |
| December 31, 2006 | 0.00 |

12. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. States that it lacks knowledge or information sufficient to form a belief regarding when plaintiff received the referenced notice from the Internal Revenue Service, but otherwise admits the allegations of paragraph 14.

15. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 16. States that the second sentence of paragraph 16 asserts conclusions of law to which no response is necessary. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 16. Regarding the fourth sentence of paragraph 16, denies that overpayments were wrongfully applied to satisfy Section 6672 penalty assessments against plaintiff; denies that any overpayments from the 1999 income tax year were applied to satisfy Section 6672 penalty assessments against plaintiff; and admits that overpayments from the 1998, 2000, 2001, and 2002 income tax years were applied to satisfy the Section 6672 penalty assessments against plaintiff.

17. Denies the allegations in paragraph 17 to the extent plaintiff may be alleging that she filed administrative refund claims other than those she alleges, in paragraphs 23 and 24, were filed in February 2005. Avers that no refund claim was filed for the second quarter of 1996, as to which Section 6672 penalty assessments were made against plaintiff. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 insofar as plaintiff avers (see also paragraphs 23 and 24) she filed administrative refund claims in February 2005 to refund income taxes for the years 1998, 1999, 2000, 2001, and 2002.

18. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Admits the allegations of paragraph 22.

23. Regarding the first sentence of paragraph 23, states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that she filed claims for refund for the tax years 1998-2002; denies that overpayments from tax years 1998-2002 were "wrongly taken"; denies that overpayments were applied to unpaid payroll taxes of Rylan Sales, Inc., and avers that they were applied to Section 6672 assessments against plaintiff; denies that plaintiff had no ownership in Rylan Sales, Inc. Regarding the second sentence of paragraph 23, states that it lacks knowledge or information sufficient to form a belief as to plaintiff's status as a stay-at-home mother; denies that plaintiff had no control over the failure by Rylan Sales, Inc., to pay over to the government payroll taxes withheld from its employees during 1996. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 23.

24. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 24. Denies the allegations

of the third sentence of paragraph 24. States that it lacks knowledge or information sufficient to form a belief regarding the authenticity of Exhibit D.

25. See defendant's response to paragraphs 17, 23, and 24 with respect to the allegations of the first sentence of paragraph 25. Admits the allegations of the second sentence of paragraph 25, except denies that it amounts to a "fail[ure]" by the IRS.

26. Paragraph 26 constitutes conclusions of law to which no response is necessary.

27. To the extent the unnumbered paragraph following paragraph 26 contains conclusions of law, no response is necessary; defendant otherwise denies the allegations.

Counterclaim

28. On April 14, 1997, plaintiff was assessed Section 6672 penalties in the amount of $28,061.88. This amount corresponds to unpaid obligations of Rylan Sales, Inc., for the tax periods ended September 30, 1995, December 31, 1995, March 31, 1996, and June 30, 1996. Plaintiff Sandra Culver was required to collect, truthfully account for, and pay over these obligations, which were imposed by the Internal Revenue Code. Plaintiff Sandra Culver willfully failed to collect such tax, or truthfully account for and pay over such tax, or willfully attempted to evade or defeat any such tax or the payment thereof. Accordingly, plaintiff Sandra Culver is liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. *See* I.R.C. § 6672.

29. To date, plaintiff's income tax overpayments totaling $6,243.85 for other tax years have been applied against her assessed Section 6672 penalties. Plaintiff has made no other payments toward the assessed Section 6672 penalties.

30. The government has incurred a lien fee of $4.00 and has assessed that amount against

plaintiff Sandra Culver.

31. Defendant is entitled to a judgment against plaintiff in the amount of $28,065.88, plus assessed interest, minus plaintiff's credits of $6,243.85 that have been applied by the IRS.

32. These counterclaims have been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to I.R.C. § 7401 and 28 U.S.C. § 1503.

33. The court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1503, 2508.

Wherefore, defendant requests that the complaint be dismissed, with costs assessed against plaintiff, and that judgment be entered in the amount of the assessed Section 6672 penalties, interest, and lien fee, less amounts the Internal Revenue Service has credited against those assessments, plus interest and costs allowed by law.

Respectfully submitted,

s/ Richard H. Bowles
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P. O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(202) 307-6500
FAX (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven I. Frahm
Of Counsel

November 5, 2007