IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-404 T

(Robert H. Hodges, Jr., Senior Judge)

---

SANDRA ROOKER CULVER,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

**ANSWER TO MOTION FOR PARTIAL DISMISSAL**

---

The Plaintiff respectfully requests this court, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), to deny Defendant's Motion for Partial Dismissal of the Plaintiff's complaint. The court has subject matter jurisdiction over Plaintiff's suit including all refunds and all amounts of refunds irregardless whether a timely administrative claim for refund was made.

QUESTION INVOLVED

Does the court have jurisdiction over claims for refund of payments applied to an assessment of a penalty imposed under § 6672 of the Internal Revenue Code. The underlying issue is whether or not there is a valid penalty assessment under § 6672 against the Plaintiff. In determination of whether or not there was a valid claim against the claim the Plaintiff thereafter any and all funds withheld by the United States are due and payable back to the Plaintiff.

STATEMENT OF THE CASE

It is undisputed that the United States of America has imposed a penalty against the Plaintiff for breach of payment of trust fund taxes as afforded under Internal Revenue Code §§ 7501(a), 3102(b), 3403.

An employer who breaches its fiduciary duty and fails to turn over the deducted amounts as required is liable individually if they are a "responsible party." Congress through § 6672, "imposes a penalty on any person responsible for collecting and paying over to the IRS income tax withholding and employee FICA tax amounts who willfully fail[s] to do so." *Bronson v. United States,* 46 F.3d 1573, 1574 (Fed. Cir. 1995).

Rylan Sales, Inc., was a North Carolina Corporation who had employees during the quarters ending September 30, 1995, December 31, 1995, March 31, 1996, and June 30, 1996. Rylan Sales, Inc., was formed and organized by the Plaintiff's ex-husband David Rooker, without Plaintiff's knowledge nor her consent. Rylan Sales, Inc., failed to remit to the Government the necessary FICA taxes and income taxes withholding amounts for the stated periods even though they were deducted from its employees' wages. The Government in its Motion for Partial Dismissal has attached Exhibit DX B (Form 4183, Recommendation Re: Trust Fund Recovery Penalty). Set exhibit was neither received nor provided to the Plaintiff. Plaintiff is not a responsible party as defined under § 6672 and has consistently and repeatedly objected and opposed said position. The Plaintiff has never received a pre-assessment notice as set forth in Exhibit A nor has she ever consented to the imposition of a penalty as set forth in Exhibit B.

Further, the Plaintiff has provided to the Defendant in a companion case filed against the United States Tax Court proof that David Rooker was the sole shareholder

and active participant. The Plaintiff has at all times objected to and disagreed with the imposition of the trust fund penalty.

While it is well settled that Congress permits the Internal Revenue Service to credit a taxpayer's amount of overpayment regarding one internal revenue tax against that same taxpayer's liability respecting a different internal revenue's tax under § 6402. The Plaintiff has overpaid her income taxes for the periods of 1998 through 2006 inclusive. It is undisputed that her refunds were not sent to her but instead were usurped under §6402(a) for a liability which she is not a responsible party and has never consented to the assessment. At all times hereto and hereafter the Plaintiff disputed and disagrees with the imposition of § 6672 jeopardy penalty assessment against her.

ARGUMENT

All the federal courts have limited jurisdiction and it is so stated in this particular case. As Plaintiff, Ms. Culver bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over her claim. *McNutt v. General Motors Acceptance Corp. of Ind.,* U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988); *Ryan v. United States,* 57 Fed. Cl. 731, 733 (2003). Plaintiff has alleged and demonstrated the facts that would provide the basis for this court to exercise subject matter jurisdiction over her suit.

Plaintiff has requested the court not only refund the amount wrongfully withheld but also to strike the imposition of penalty under § 6672 by the United Stated against the Plaintiff.

Through the Tucker Act, Congress has conferred on this court "jurisdiction to render judgment upon any claim against the United States founded either upon the

Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A suit seeking a refund of taxes paid is included within this grant. *See Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1007 (Ct. Cl. 1967, *abrogated in part on other grounds by Malone v. United States,* 849 F.2d 1441, 1444-45 (Fed. Cir. 1988); *Biddulph v. United States,* 74 Fed. Cl. 765, 767 (2006) *Cf.* 28 U.S.C. § 1346(a)(1) (providing that district courts shall have jurisdiction concurrent with that of this court to consider tax-refund suits). This statutory grant, however, is not without qualification.

This action is not only for a tax-refund but it is also an action to strike a wrongful assessment that has been placed against the Plaintiff by the Defendant. Pursuant to the Tucker Act, Plaintiff is requesting the court to enter judgment upon her claim against the United States by striking the assessment against the Plaintiff. The Defendant has been aware of the claim of Plaintiff since her case which was filed in the United States Tax Court; a copy of that correspondence is attached as Exhibit PX A and in Plaintiff's claim in the United States District Court is attached as Exhibit PX B. Plaintiff has also attached hereto a copy of their affidavit as Exhibit PX C, Affidavit of Agent for Plaintiff who mailed the administrative claims.

The time limitation imposed under IRS § 6511 controls the timeliness of an administrative claim for refund in the amounts paid toward the penalties assessed under § 6672. *Pham v. United States,* 42 Fed. Cl. 886, 888 (1999). In the case of *Kuznitsky v. United States,* 17 F.3d 1029, 1033 (7th Cir. 1994) held that the "three year limitation period" in § 6411(a) does not does apply to a party seeking a refund of § 6672 penalty

because that party is not a taxpayer who, with respect to a tax issue, has filed a return. Therefore, under the *Kunznitsky* case the Plaintiff is entitled to a refund of all of her taxes that have been wrongfully withheld and wrongfully imposed by a trust fund assessment.

CONCLUSION

The court has jurisdiction over all of the refund claims in this matter to the extent that Ms. Culver may seek refunds in these amounts. Accordingly, the Plaintiff requests that the Motion for Partial Dismissal be denied and further that a hearing be scheduled on the merits of this case to have the entire penalty under § 6672 be stricken.

Date: 11/30/07

Respectfully submitted,

Eugene A. Steger
Steger & Ring, P.C.
411 Old Baltimore Pike, Suite 201
Chadds Ford, PA 19317
(610) 388-7800
(610) 388-9332 (fax)

# EXHIBIT "A"

07/27/06

UNITED STATES TAX COURT
DOCKET ENTRIES

Docket No. 6943-06S INDEX
Sandra Rooker Culver n.k.a. Sandra Culver
v. COMMISSIONER OF INTERNAL REVENUE

Sandra Culver SE0638 (Service Attorney)
NO. 1 Steger, Jr.,Eugene A.
Steger & Ring
Suite 201
411 Old Baltimore Pike
Chadds Ford, PA 19317

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0001 | 04/10/06 | PF | PETITION Filed:Fee Paid | | R 04/25/06 | |
| 0002 | 04/10/06 | DPT | DESIGNATION of Trial at Philadelphia, PA | | R 04/25/06 | |
| 0003 | 04/25/06 | OCA | ORDER that caption of case is amended. | | B 04/25/06 | |

EXHIBIT
A

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SANDRA ROOKER<br>6814 TANNER'S CREEK ROAD<br>HUNTERVILLE, NC 28078 | : | |
| Petitioner | : | Civil Action No.05-CV-5831 |
| v. | : | |
| UNITED STATES OF AMERICA | : | JURY TRIAL DEMANDED |
| Respondent | : | |

**PETITION TO CLAIM REFUND AND REQUEST FOR ABATEMENT AND REMOVAL OF PENALTIES AND INTEREST FOR ERRONEOUS ASSESSMENT**

THE PETITIONER, respectfully moves the Court for reconsideration of the decision in the above-entitled case for Notice of Deficiency set forth by the Commissioner of Internal Revenue in the Commissioner's notice #531 (DO), Refer Reply to #436:RMR, dated October 30, 2003. The basis for this petition is as follows:

## FACTS

1. The Petitioner is Sandra Rooker, a divorced mother of two children, with the current mailing address of 6814 Tanners Creek Road, Huntersville, NC 28078.

2. The address on her return is 2116 Courtside Lane, #205, Charlotte, NC 28270. Petitioner's Social Security Number is 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.

3. The Civil Penalty period here involved is from 1998, 1999, 2000, 2001 and 2002.

4. The Respondent is the United States of America.

EXHIBIT B

5. On or about October 30, 2003, Petitioner received notice from the IRS of a deficiency of $23,746.00 in taxes, penalties and interest, under Internal Revenue Code (IRC) section 6672. (A true and correct copy is attached as Exhibit "A").

6. Petitioner never received written notification of a preassessment against her. Further, Petitioner was neither a "signatory" nor a "responsible party" as defined in the Code, Section 6672, which would permit the assessment of the payroll tax liability against her.

7. Petitioner has had the following refunds taken and applied against the wrongly assessed penalty. These are as follows:

| | |
|---|---|
| 1998 | $854.00 |
| 1999 | $1301.00 |
| 2000 | $122.00 |
| 2001 | $946.00 |
| 2002 | $1454.00 |

8. On November 23, 2003, Petitioner and her ex-husband, David Rooker, wrote a letter addressed to the attention of Richard Riggsbee informing the IRS of the errors in filing of the returns and respectfully requested the IRS to abate the taxes, penalties and interest in the amount of $23,746.00 for the following reasons:

   a. In 1994 and 1995 the returns were to have been prepared by an Anita Hill, IRS agent in Charlotte, North Carolina, as "Married Filing Jointly";

   b. No taxable wages were paid to Sandra Rooker in December 1995 by RyLan Sales., Inc. EIN 56-1900773;

   c. An additional amount of $3,275.00 should have been deducted for an additional dependant for the tax years ending December 31, 1994 and December 31, 1995;

   d. The amount of $56, 854.00 of taxable self-employment income calculated by the IRS is incorrect. The appropriate deductions were not applied for travel expenses and were incorrectly applied as income.

9. On January 18, 2004, Petitioner filed a Petition for Determination of Relief from Joint and Several Liability on a Joint Return with the United States Tax Court, Docket No.9542-03, designation of trial, Winston-Salem, NC. Petitioner provided the following supporting documents:

   a. Letter provided to the IRS by David Rooker and Sandra Rooker;
   b. Relief requested document;
   c. Copy of the IRS Form 8857;
   d. Copy of NC separation document Article II, Section 2.2

10. On April 27, 2004, Petitioner received a notice from the IRS Appeals Office, Refer Reply #AP:FE:A4:CHA:SGM, stating Petitioner's pending United States Tax Court case had been referred to Sandi Mical-Edens, Appeal Officer for a possible settlement, with a conference date of May 17, 2004 at 1:00pm. (A true and correct copy is attached and marked Exhibit "B").

11. On May 19, 2004, Petitioner, by and through her attorney, Eugene A. Steger, sent letters to all company controllers that incorrectly issued a 1099 to Petitioner in 1994 since Ms. Rooker did not receive any income from these companies. Further, Petitioner requested that each and every controller issue an amended 1099 with the correct amount of $0.00.

12. On May 19, 2004, Petitioner, by and through her attorney, Eugene A. Steger, sent a letter to Ms. Edens concerning the 6672 assessment against Petitioner for back payroll taxes. Ms. Rooker was neither a "signatory" nor a "responsible party" as defined in the Code which would permit the assessment of the payroll tax liability against her. Ms. Rooker never received a "Preassessment Notification" as the assessments were wrongly placed against her. She has had refunds for tax years 1998-2002 wrongfully withheld from her.

13. Petitioner has filed a separate claim for refund for each of these amounts with the Internal Revenue Service and requested the removal of the assessment against her and approval of her refund.

14. On June 22, 2004, Petitioner, by and through her attorney, Eugene A. Steger, sent a letter 2nd letter to Ms. Edens concerning the same assessment against Petitioner for back payroll taxes.

15. On September 28, 2004, The United States Tax Court issued a Notice Setting Case for Trial with Trial Session to begin on December 13, 2004.

16. On November 15, 2004, the IRS Appeals Officer, Sandi Mical-Edens sent a letter at the request of the United States Tax Court to schedule a conference to discuss a possible settlement.

17. On November 20, 2004, Petitioner and the IRS filed a Stipulation with the United States Tax Court, for the tax years 1994 and 1995.

18. On December 17, 2004, the United States Tax Court entered a Decision pursuant to the stipulations by the parties. (A true and correct copy is attached and marked Exhibit "C")

19. On February 4, 2005, Petitioner filed Form 843, Claim for Refund and Request for Abatement since her refund for Tax years 1998, 1999, 2000, 2001, 2002 was wrongly taken and applied to the unpaid 1996 payroll taxes of her former husband's company, Rylan Sales, Inc.. Petitioner was a stay at home Mother and had no control over the payroll of Rylan Sales, Inc., nor did she have any control over the non-payment of Rylan Sales, Inc.'s payroll taxes for the year 1996. Further, Petitioner's former husband, David Rooker, was falsely and without authority utilizing Ms.Rooker's Social Security Number as the primary responsible party.

20. On February 11, 2005, Petitioner, by and through her attorney, sent a letter to the IRS Special Procedures Branch in Pittsburgh, along with Power of Attorney Form 2848, and Form 843 Claim for Refund and Request for Abatement for tax years 1998, 1999, 2000, 2001 and 2002. Petitioner, at no time, receive a Preassessment Notification of Section 6672 penalties, nor was she informed of her necessary appeal rights before imposition of the penalty. Petitioner has had refunds for tax years 1998 through 2002 wrongly withheld from her as the assessments were wrongly assessed against her. (A true and correct copy is attached and marked Exhibit "D")

21. Petitioner filed a separate claim for refund for each of these amounts with the Internal Revenue Service. To date, the IRS has failed to remove the assessment against her and approve her refund.

22. Petitioner is neither a "signatory" nor a "responsible party" as defined in the Code which would permit the assessment of the payroll tax liability against her.

THEREFORE, the Petitioner is not a responsible party as defined in the Code and is entitled to relief from for penalties and accrual of interest set forth by the Respondent. Petitioner is further entitled to a recomputation of the underlying assessment and to approve her refund.

Dated this 4th day of November, 2005.

Respectfully submitted,

Eugene A. Steger
Attorney I.D. 25370
Steger & Ring, P.C.
411 Old Baltimore Pike
Chadds Ford, PA 19317

# EXHIBIT "C"

**COMMONWEALTH OF PENNSYLVANIA )**
**) SS:**
**COUNTY OF CHESTER )**

Before me, the undersigned notary public, this day, personally appeared, Elizabeth Shannon, 411 Old Baltimore Pike, Chadds Ford, PA 19317, to me known who being duly sworn according to law, deposes and says:

**AFFIDAVIT OF ELIZABETH SHANNON**

1. I am the office manager for Steger, Gowie & Company, Inc. Certified Public Accountants.

2. On, or about February 4, 2005 and February 11, 2005 we prepared and filed claims for refund on behalf of the Plaintiff, Sandra Rooker Culver for tax years 1998, 1999, 2000, 2001, 2002, and 2003.

Elizabeth Shannon

Sworn and subscribed to before me this 3RD day of December, 2007.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Stevi Richards, Notary Public
Pennsbury Twp., Chester County
My Commission Expires Oct. 9, 2010
Member, Pennsylvania Association of Notaries

EXHIBIT
C