IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-404 T

(Senior Judge Robert H. Hodges, Jr.)

SANDRA ROOKER CULVER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**REPLY OF THE UNITED STATES
TO PLAINTIFF'S ANSWER TO MOTION FOR PARTIAL DISMISSAL**

On November 2, 2007, defendant filed a Motion for Partial Dismissal for lack of jurisdiction. We maintained that some of the payments whose refund plaintiff seeks were made more than two years before the time she alleges she filed a claim for refund with the Internal Revenue Service. *See, e.g.*, 26 U.S.C. ("I.R.C.") § 6511(a); *Pham v. United States*, 42 Fed. Cl. 886, 888 (1999).

Plaintiff does not dispute that her administrative claim for refund was filed more than two years after the payment, but nevertheless opposes our motion in her Answer to Motion for Partial Dismissal, filed on December 3, 2007. Plaintiff asserts that the Court has jurisdiction regardless of whether she filed a timely administrative claim for refund. Pl.'s Resp. at 1. She contends that her suit "is not only for a tax[ ]refund[,] but it is also an action to strike a wrongful assessment." *Id*. at 4. She then argues that the Tucker Act, 28 U.S.C. § 1491, permits the Court to consider her request to strike the tax assessment. Pl.'s Resp. at 4. Plaintiff is mistaken.

As explained in our motion and in this reply, it is well-established in tax cases – including decisions that specifically address Section 6672 trust fund penalties assessed against responsible persons, the same type of tax involved in this case, – that a timely claim for refund is a jurisdictional prerequisite to a suit challenging the correctness of a tax assessment.

**1. A suit "to strike the imposition of [a tax] penalty" is not within the Court's jurisdiction.**

Defendant previously explained, *see* Def.'s Mot. at 5, that this Court's jurisdiction, including the power to hear suits seeking a refund of taxes paid, derives primarily from the Tucker Act. *See* 28 U.S.C. § 1491(a)(1); *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967), *abrogated in part on other grounds by Malone v. United States*, 849 F.2d 1441, 1444-45 (Fed. Cir. 1988). Bedrock Tucker Act jurisprudence charges that "[t]o assert Tucker Act jurisdiction, a plaintiff must identify a . . . *money-mandating* source of recovery." *Greenlee County v. United States*, 68 Fed. Cl. 482, 485 (2005) (emphasis added) (citation omitted), *aff'd* 487 F.3d 871 (Fed. Cir. 2007); *see also, e.g., Todd v. United States*, 56 Fed. Cl. 449, 451 (2003), *aff'd* 386 F.3d 1091 (Fed. Cir. 2004); *Sarlund v. United States*, 39 Fed. Cl. 803, 805 (1998).

Nevertheless, "*[p]ursuant to the Tucker Act*, Plaintiff is requesting the court to enter judgment upon her claim against the United States by striking the assessment against the Plaintiff." Pl.'s Resp. at 4 (emphasis added). A suit "to strike the imposition of [a tax] penalty," as plaintiff now casts this action, *see id*. at 3, 5, to the extent its premise is not a demand for money judgment, is *not* included within the jurisdiction conferred by the Tucker Act. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) ("[I]n order to come within the jurisdictional reach and the waiver of the Tucker

Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.") (*en banc* portion) (citing *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)).

"[T]he Court of Federal Claims does not possess general equity jurisdiction." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). This Court's equitable powers, with certain exceptions not applicable to this case, are limited to issuing orders that are "an incident of and collateral to any such [money] judgment." 28 U.S.C. § 1491(a)(2). While a suit for money damages can supply the jurisdictional hook for equitable relief that is "an incident of and collateral to" the claim for money, *see Roth*, 378 F.3d at 1384, a suit seeking equitable relief alone indisputably falls outside the jurisdiction conferred through 28 U.S.C. § 1491(a). Because the Court's equitable powers supplement this Court's authority to enter judgments for money and not *vice versa*, a suit, not otherwise authorized by law, seeking money damages is not afforded jurisdiction supplemental to a suit for equitable relief.

Furthermore, "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher*, 402 F.3d at 1172 (*en banc* portion) (citing *Mitchell*, 463 U.S. at 216-17; *Testan*, 424 U.S. at 398). "[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a *separate* source of substantive law that creates the right to money damages." *Id.* (emphasis added) (*en banc* portion) (citing *Mitchell*, 463 U.S. at 216-17; *Testan*, 424 U.S. at 398).

In addition to *not* falling within the jurisdictional grant of the Tucker Act, a suit "to strike the imposition of [a tax] penalty," Pl.'s Resp. at 3, is *not* authorized by any

separate source of substantive law. Indeed, through Section 7421(a) of the Internal Revenue Code, Congress has *expressly prohibited* such a suit:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court* by any person, whether or not such person is the person against whom such tax was assessed.

(emphasis added); *see also Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) ("[A]side from a few very limited exceptions not implicated here, 26 U.S.C. § 7421 flatly prohibits any suits 'for the purpose of restraining the assessment or collection of any tax . . . in any court by any person.'").[1]

In short, the Court lacks juridical power "to strike the imposition of [a tax] penalty." Furthermore, the inclusion of a request "to strike the imposition of [a tax] penalty" in a tax refund suit does not cause jurisdiction to exist over a tax refund suit for which jurisdiction is otherwise barred because no timely administrative claim was made.

**2. A timely, sufficient administrative claim for refund is a jurisdictional prerequisite to a tax refund suit.**

The cornerstone of defendant's motion, *see* Def.'s Mot. at 5, is the long-established principle that "a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit." *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983), *see also* I.R.C. § 7422(a). Courts applying this basic rule have explained that "[t]he purpose of this requirement is to ensure that parties seek administrative remedies before bringing suit in federal court," *Ahmed v. United States*, 147 F.3d 791, 796 (8th Cir. 1998), and to "provid[e] the Government . . .

[1] Neither does the case *sub judice* implicate any of the referenced exceptions.

protection against stale demands." *United States v. Brockamp*, 519 U.S. 347, 353 (1997). Arguments plaintiff offers regarding "pre-assessment notice," Pl.'s Resp. at 2, and disputing that Ms. Culver was a responsible party, *id.* at 3, are not relevant to the disposition of the pending motion. These assertions do not bear upon whether, in this suit, jurisdiction exists over sums for which no timely administrative refund claim was filed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted).

As defendant has described, *see* Def.'s Mot. at 3-4, the Internal Revenue Service credited overpayments of Ms. Culver's individual income taxes for 1998, 2000, 2001, 2002, 2003, and 2004 against the § 6672 trust fund penalty that had been assessed against her. DX C (Account Transcript for Trust Fund Penalty) at 3; *see also* I.R.C. § 6402(a).[2] The Internal Revenue Code treats these credits as payments by Ms. Culver of her trust fund penalty. I.R.C. § 7422(d).[3]

Plaintiff may not bring suit to obtain a judgment for the recovery of these tax payments without having filed a proper administrative claim:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for

[2] "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person." I.R.C. § 6402(a). Plaintiff does not challenge this authority. *See* Pl.'s Resp. at 3 ("It is well settled.").

[3] "The credit of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability at the time such credit is allowed." I.R.C. § 7422(d).

> refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

I.R.C. § 7422(a). Section 6511(a) of the Internal Revenue Code is the pertinent provision of law regarding the time period within which a taxpayer may file an administrative refund claim. A claim not filed within this period is not a refund claim "duly filed with the Secretary, according to the provisions of law." I.R.C. § 7422(a); *see Sun Chem. Corp.*, 698 F.2d at 1206; *Mertens v. United States*, 12 Cl. Ct. 678, 680 (1987) ("untimely filed claims are not 'duly filed'"); *Trout v. United States*, 1 Cl. Ct. 219, 221 (1983) ("An untimely claim for refund of a tax under Title 26, U.S.C., is not a 'duly filed' claim.").

Arguments plaintiff wishes to present on the merits of her claim that she is not liable for the § 6672 trust fund penalty cannot be considered by this Court until plaintiff first establishes, by a preponderance of the evidence, that a refund claim was "duly filed with the Secretary, according to the provisions of law." I.R.C. § 7422(a); *Sun Chem. Corp.*, 698 F.2d at 1206; *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). In the absence of a timely, sufficient administrative claim for refund pertaining to the amounts applied from Ms. Culver's 1998, 2000, and 2001 overpayments, no jurisdiction over those sums exists in this suit.

**3. An administrative claim for refund of § 6672 trust fund penalty amounts may only be filed within two years of the date of payment.**

Defendant has explained, *see* Def.'s Mot. at 6-8, that Section 6511(a) renders untimely Ms. Culver's administrative refund claim of February 4, 2005, Compl. ¶ 23, with respect to any payments made by her or credited toward her liability prior to February 4, 2003, *i.e.*, two years prior to the date of the administrative refund claim.

February 4, 2005, is the date on which plaintiff maintains that an administrative refund claim was filed. *See* Compl. ¶ 23; Pl.'s Resp. at Ex. C.[4] Plaintiff's response does not controvert that the credits against Ms. Culver's § 6672 trust fund penalty obligation of her 1998, 2000, and 2001 income tax overpayments each occurred before February 4, 2003. DX C (Account Transcript for Trust Fund Penalty) at 3.

Section 6511 establishes the time period within which a taxpayer may file an administrative refund claim with the Internal Revenue Service:

> Claim for credit or refund of an overpayment of any tax imposed by this title [*i.e.*, the Internal Revenue Code] in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

I.R.C. § 6511(a). This, too, Plaintiff does not appear to dispute. *See* Pl.'s Resp. at 4 ("The time limitation imposed under IR[C] § 6511 controls the timeliness of an administrative claim for refund [of] the amounts paid toward the penalties assessed under § 6672.").

What plaintiff seems to challenge is *how* Section 6511(a) affects claims for refunds of § 6672 trust fund penalty payments. *See* Pl.'s Resp. at 4-5. In that regard, plaintiff selectively disregards portions of the Seventh Circuit's decision in *Kuznitsky v. United States*, 17 F.3d 1029, 1032-33 (7th Cir. 1994). That court of appeals explained

[4] Plaintiff now asserts, irrelevantly, that "Defendant has been aware of the claim of Plaintiff since her case . . . was filed in the United States Tax Court." Pl.'s Resp. at 4. That case was initiated on April 10, 2006, even later than the date of Ms. Culver's administrative refund claim. *See* Pl.'s Resp. at Ex. A. In any event, the filing of a Tax Court petition does not obviate the statutory requirement that "a claim for refund or credit [be] duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." I.R.C. § 7422(a).

that, as between the two limitation periods expressed within § 6511(a) – "3 years from the time the return was filed" and the "2 years from the time the tax was paid," only one period – "2 years from the time the tax is paid," § 6511(a), – applies to an administrative claim for refund of a § 6672 trust fund penalty. *Kuznitsky*, 17 F.3d at 1032-33 ("[A] taxpayer seeking a refund of a § 6672 penalty must file an administrative claim within two years from the time the tax is paid in order to satisfy the requirement of § 6511(a)."). The other period – "3 years from the time the return was filed," § 6511(a) – is irrelevant to the time for filing an administrative claim for § 6672 sums. "[Three] years from the time the return was filed," § 6511(a), cannot "apply to a party seeking a refund of a § 6672 penalty because that party is not a taxpayer who, with respect to the tax at issue, has filed a return." *Kuznitsky*, 17 F.3d at 1032.[5]

Plaintiff argues that the court's holding that the three year period is inapplicable means that her case may proceed *in toto*. Pl.'s Resp. at 4-5 ("Therefore, under the *Kuznitsky* case the Plaintiff is entitled to a refund."). To the contrary, in *Kuznitsky*, the court did not rule that a taxpayer has an infinite period within which to administratively seek a refund of a § 6672 penalty. Rather, the court held that such a taxpayer was limited to "two years from the time the tax is paid." 17 F.3d at 1033. By ignoring that portion of the court's holding, plaintiff misapplies the decision.

Ms. Culver's suit, to the extent it seeks a refund of the $854.00 applied from her 1998 income tax overpayment, $58.85 applied from her 2000 income tax overpayment, and $946.00 applied from her 2001 income tax overpayment, is not within the subject

[5] The court explained that "when a party seeks to recover a § 6672 penalty, the only 'tax' for which a refund is sought is the § 6672 penalty, not the underlying payroll tax." *Kuznitsky*, 17 F.3d at 1032. "It follows that, because the party seeking the refund is the one that has paid the § 6672 'tax,' that party must be considered the 'taxpayer' referred to in § 6511(a)." *Id*.

matter jurisdiction of this Court because Ms. Culver did not timely file a claim for refund of those amounts with the Internal Revenue Service within two years of the date of payment.

CONCLUSION

For the reasons stated both in this reply and in the pending motion, the United States respectfully requests this Court to grant the motion for partial dismissal. Pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims, the complaint should be dismissed in part for lack of subject matter jurisdiction insofar as plaintiff seeks refunds of amounts applied from her 1998, 2000, and 2001 income tax overpayments to the trust fund penalties imposed under § 6672 and assessed against her on April 14, 1997.

Respectfully submitted,

s/ Richard H. Bowles
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven I. Frahm
Of Counsel

December 17, 2007