**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SANDRA ROOKER CULVER n.k.a, SANDRA CULVER** | ) | |
| **Plaintiff** | ) | |
| | ) | **No. 07-404 T** |
| **v.** | ) | |
| **THE UNITED STATES** | ) | |
| **Defendant** | ) | |

**ANSWER TO COUNTERCLAIM**

Plaintiff, Sandra Rooker Culver, by and through her attorney and after inquiry required by 28 U.S.C Section 520, hereby answers the Counterclaim in the above-captioned case. Plaintiff respectfully denies each and every allegation of the counterclaim not specifically admitted below.

28. Admitted in part and denied in part. It is admitted that the defendant assessed a Section 6672 assessment against Plaintiff. Said alleged assessment was not properly and procedurally effective. Plaintiff is not a "responsible party" as defined under Section 6672. It is admitted that Rylan Sales, Inc. had unpaid payroll taxes for periods ended September 30, 1995; March 31, 1996 and June 30, 1996. The ex-husband of Plaintiff formed Rylan Sales, Inc., operated Rylan Sales, Inc.; and fraudulently placed Plaintiff as shareholder and President without her knowledge or consent. Plaintiff Sandra Culver was not required to collect, truthfully account for, nor pay over these obligations, as imposed by the Internal Revenue Code. David Rooker, the ex-husband willfully failed to collect such tax, and he did not account for or pay over such tax. Plaintiff Sandra Culver never received the requisite "Preassessment Notice" nor did she consent to said Section 6672 assessment.

29. Admitted that overpayments of $16,243.85 have been taken from Plaintiff and applied to the illegal and wrongful Section 6672 assessment.

30. Admitted.

31. Specifically denied. The assessment is void as matter of law. It has been improperly assessed against Plaintiff and should be assessed against David Rooker. All credits have been wrongfully withheld and should be refunded.

32. Admitted as to authority but denied as to validity.

33. Admitted.

Wherefore, Plaintiff requests that the counterclaim and the underlying assessment be stricken. That Plaintiff be refunded $6243.85 together with reasonable attorney fees, interests and costs.

Date: December 28, 2007

Respectfully submitted,

s/Eugene A. Steger
Attorney for Plaintiff
411 Old Baltimore Pike
Chadds Ford, PA 19317
610-388-7800
Fax 610-388-0107
esteger@stegergowie.com