IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-404 T
(Senior Judge Robert H. Hodges, Jr.)

SANDRA ROOKER CULVER,

Plaintiff,
v.

THE UNITED STATES,

Defendant.

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, paragraph 4, of the Rules of the U.S. Court of Federal Claims ("RCFC") the parties submit the following Joint Preliminary Status Report:

(a) Jurisdiction. The parties disagree about the extent to which this Court has jurisdiction over this refund suit. Plaintiff believes this to be a refund suit over which this Court has jurisdiction under 28 U.S.C. § 1491. Defendant believes that a portion of this suit is barred by 26 U.S.C. §§ 6511(a) and 7422(a).

(b) Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

(c) Bifurcation of trial. In the event of a trial in this case, the parties believe that the trial should not be bifurcated, and that evidence concerning both liability and damages should be presented at one trial.

(d) Deferral. The parties know of no reason for deferral of proceedings at this time.

(e) Remand or suspension. The parties do not believe that remand or suspension is appropriate at this time.

(f) Additional parties. The parties are unaware of any additional parties to be joined.

(g) Dispositive motions. On November 2, 2007, the defendant filed a motion for partial dismissal pursuant to RCFC 12(b)(1). The defendant is in the process of ascertaining whether other portions of plaintiff's suit should be challenged with a second motion for partial dismissal pursuant to RCFC 12(b)(1). The parties lack sufficient information to determine if they will file any other dispositive motions. At the present time, summary judgment does not appear likely. Once discovery is completed, the parties will be in a better position to determine whether this case can be disposed of by means of summary judgment.

(h) Issues. Apart from jurisdictional issues, the substantive issues in this tax refund case are (1) whether plaintiff was a "person" who was "required to collect, truthfully account for, and pay over" payroll taxes pertaining to employees of Rylan Sales, Inc., during the tax periods ended September 30, 1995, December 31, 1995, March 31, 1996, and June 30, 1996, (2) whether plaintiff "willfully" failed to do so, and (3) whether the Internal Revenue Service provided plaintiff preliminary notice of the penalty. *See* I.R.C. § 6672.

(i) Settlement. At the present time, the parties are unable to determine whether this case can be settled. The parties submit that additional information must be obtained

in discovery before such a determination can be made. The parties do not contemplate pursuit of alternative dispute resolution.

(j) Trial. If the Court determines it has jurisdiction over this case, the parties believe trial may be necessary. The parties propose that within 30 days of the completion of discovery, they will submit to the Court a status report proposing further proceedings needed to resolve this case.

(k) Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

(l) Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC, Appendix A, ¶ 5, the parties propose the following:

a. That discovery be completed on or before November 25, 2008.[1]

b. That on or before December 22, 2008, the parties submit to the Court a joint status report proposing further proceedings.

Respectfully submitted,

Counsel for Plaintiff
February 15, 2008

s/ Eugene A. Steger, Jr.
EUGENE A. STEGER, JR.
Eugene Steger and Associates, P.C.
411 Old Baltimore Pike
Chadds Ford, PA 19317
(v) 610-388-7800
(f) 610-388-9332

---

[1] The parties recognize that, after discovery is commenced, it may be appropriate to reassess the adequacy of time for discovery allowed by this proposed deadline. This fact-intensive case concerns events which occurred in 1995 and 1996. It is difficult now to predict how much time will be required to locate persons with discoverable information.

Counsel for Defendant
February 15, 2008

s/ Richard H. Bowles
RICHARD H. BOWLES
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID D. GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

February 15, 2008

s/ Steven I. Frahm
Of Counsel