IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-404 T
(Senior Judge Robert H. Hodges, Jr.)

SANDRA ROOKER CULVER,

Plaintiff,
v.

THE UNITED STATES,

Defendant.

# JOINT STATUS REPORT

Pursuant to the Court's Order of February 26, 2008, the parties submit the following Joint Status Report:

(a) Statute of limitations. The Court noted that "[t]he law seems settled that the statute of limitations might limit plaintiff's refund claims."

The government, in its motion for partial dismissal, filed November 2, 2007, challenges the timeliness of administrative refund claims filed with the Internal Revenue Service more than two years after the tax payments at issue were made. Plaintiff, in her response brief, filed December 3, 2007, asserts that the Court's jurisdiction does not depend on whether she filed a timely administrative claim for refund. Plaintiff asserts that Defendant had reasonable notice of claim.

(b) Informal claim. The Court queried "whether an informal claim for refund would toll the statute of limitations and if it is applicable."

The Federal Circuit recognizes that "a timely claim with purely formal defects is permissible if it fairly apprises the IRS of the basis for the claim within the limitations period." *Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed. Cir. 2006).

Plaintiff avers refund claims were filed on February 4 and 11, 2005. Compl. ¶¶ 23, 24. Plaintiff annexed to her complaint a copy of her submission of February 11, 2005, to the Internal Revenue Service. Compl. at Ex. D. Plaintiff's administrative refund claims of February 2005 were, the government argues, untimely as to income tax overpayments from 2001 and earlier years applied to the trust fund penalties imposed under I.R.C. § 6672. Plaintiff has not identified, and the government is unaware of, any other administrative claims for refund – either formal or informal – concerning the tax payments at issue. *See* RCFC 9(h) ("The complaint shall include . . . . the date and place the claim for refund was filed . . . . A copy of the claim for refund shall be annexed to the complaint.").

(c) Discovery. The Court requested the parties to justify their proposed schedule for discovery.

During discovery, the government needs to obtain documents and deposition testimony from Ms. Culver and her former husband. Using information it hopes to obtain from them, the government will endeavor to identify and locate employees, bookkeepers, persons who wrote checks, and creditors so that the government can request documents and deposition testimony of them. The information gathered from these sources may necessitate subsequent inquiries to these and other sources.

Plaintiff contends she is not subject to the § 6672 trust fund recovery penalty because she had no involvement in Rylan Sales, Inc. To prepare its case, defendant is

entitled and obliged to investigate the truth of that claim. *See Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest . . . is not that it shall win a case, but that justice shall be done.").

The parties were precluded from conducting discovery in this case until counsel conferred as required by Paragraph 3 of Appendix A to this Court's Rules. RCFC 26(d). While the administrative files of the Internal Revenue Service do document the steps taken by the Internal Revenue Service during its investigation, those steps do not include all the inquiries the Department of Justice needs to make into this matter. *See* 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation, in which the United States . . . is a party . . . , and *securing evidence therefor*, is reserved to officers of the Department of Justice.") (emphasis added). It appears that the Revenue Officer reviewed several documents and conducted a brief interview. Defendant wishes to conduct a more thorough and comprehensive investigation to prepare its defense to plaintiff's action. In litigation, unlike administrative proceedings, the enforceable discovery rules of this Court are calculated to obtain full and complete responses to defendant's inquiries.

"The court tries factual issues *de novo* in tax refund suits." *Litman v. United States*, 78 Fed. Cl. 90, 107 (2007) (citing *George E. Warren Corp. v. United States*, 141 F.Supp. 935, 940 (Ct. Cl. 1956) ("The tax laws contemplate a trial de novo ....")). "Courts generally do not look behind an assessment to evaluate the procedure and evidence used in making the assessment but instead conduct a de novo review of the

correctness of the assessment." *Teets v. United States*, 29 Fed. Cl. 697, 702 (1993) (citation omitted); *see also Brown v. United States*, 396 F.2d 989, 993 (Ct. Cl. 1968) ("Though judicial review limited to the evidence adduced before the agency is the usual practice, there are exceptions" including "tax suits . . . in which de novo evidence is offered."); *cf. Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332, 1337 (Fed. Cir. 2001).

The parties seek to resolve this case expeditiously but do not wish to compromise their ability to gather evidence for presentation at trial. Plaintiff's disclosures identify fourteen entities, not counting the plaintiff and her former husband, "likely" to have discoverable information. Telephone numbers were not provided for any of the fourteen; street addresses susceptible to service of process were not provided for three. Plaintiff's disclosures include copies of some correspondence from these fourteen entities, but the correspondence largely demonstrates that, as of 2004, relevant records had already been purged and personnel had already moved on. Defendant's discovery needs, and obstacles, are therefore significant.

Defendant is proceeding promptly. In the next several days, it will issue subpoenas to those entities plaintiff has listed. On February 15, 2008, the government issued its First Request for Production and First Set of Interrogatories to the plaintiff. Responses to these discovery requests are due March 16, 2008. *See* RCFC 33(b)(3). Once responses are received, the government intends to issue subpoenas to persons and entities identified in the responses.

On February 19, 2008, the government served Branch Banking and Trust a subpoena requesting pertinent records. Branch Banking and Trust has informed the government that the sought records are no longer available.

Also, in the near future, the government will attempt to serve process upon plaintiff's former husband, requesting pertinent records of the business. The government also intends shortly to issue its First Request for Admissions and its Second Request for Production.

Though the government is vigorously pursuing discovery, the time needed to complete discovery will depend on the responses it receives. Evidence not considered by the Internal Revenue Service but obtained here in discovery may inform the parties' views as to the relative merits of their positions. Before the parties and the Court undergo the burden and expense of trial, the parties should be given full opportunity to gather evidence from third parties, utilizing the subpoena power of this Court, *see* 28 U.S.C. § 2521.

<u>PROPOSED DISCOVERY PLAN.</u> In light of the Court's stated concerns regarding the parties' original proposed discovery plan, the parties revise their proposal as follows:

> a. That on or before July 14, 2008, or such earlier date as the Court may desire, the parties submit to the Court a joint status report discussing the progress of discovery and recommending any changes to this schedule.
>
> b. That, unless a need for additional time for discovery is otherwise demonstrated, discovery be completed on or before August 14, 2008.
>
> c. That on or before September 22, 2008, the parties submit to the Court a joint status report proposing further proceedings.

Respectfully submitted,

Counsel for Plaintiff
March 14, 2008

s/ Eugene A. Steger, Jr.
EUGENE A. STEGER, JR.
Eugene Steger and Associates, P.C.
411 Old Baltimore Pike
Chadds Ford, PA 19317
(v) 610-388-7800
(f) 610-388-9332

Counsel for Defendant
March 14, 2008

s/ Richard H. Bowles
RICHARD H. BOWLES
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID D. GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

March 14, 2008

s/ Steven I. Frahm
Of Counsel