IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-404 T
(Senior Judge Robert H. Hodges, Jr.)

SANDRA ROOKER CULVER,

Plaintiff,
v.

THE UNITED STATES,

Defendant.

**RESPONSE TO PLAINTIFF'S**
**MOTION TO REQUEST A TELEPHONE HEARING**

On August 11, 2008, plaintiff filed a Motion to Request a Telephone Hearing to discuss what plaintiff characterizes as "Defendant's refusal to produce requested documents and other outstanding issues."

The government would be pleased to participate in any hearing or conference the Court believes would be helpful. However, plaintiff has not conferred at all with defendant concerning the sufficiency of defendant's responses to Plaintiff's Request for Production of Documents, and plaintiff has not previously requested other documents from defendant that it seeks to discuss with the Court. Plaintiff's effort to involve the Court therefore is precipitous and considerably premature.

**1. <u>Plaintiff's has not conferred with defendant regarding defendant's responses to plaintiff's Request for Production of Documents</u>**

On July 2, 2008, plaintiff served defendant with a Request for Production of Documents. *See* DX A. Defendant timely and fully responded to these requests on

August 1, 2008, referring plaintiff to responsive documents that had previously been produced and producing an additional responsive document. *See* DX B. Plaintiff did not advise defendant that she was dissatisfied with defendant's responses or confer in any way with defendant regarding those responses before filing the pending motion.

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." RCFC 37(a)(2)(B). Consistent with plaintiff's failure to confer or attempt to confer, plaintiff's motion omits the required certification. While plaintiff styles her motion a "Motion to Request a Telephone Hearing," she clearly is seeking a Court order to compel defendant to respond further to her discovery. The title of her motion does not render the requirements of RCFC 37(a)(2)(B) inapplicable. The Court's Rules "mandate[] a genuine attempt to resolve the discovery dispute through non-judicial means." *AG-Innovations, Inc. v. United States*, 82 Fed. Cl. 69, 79 (2008) (citing *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D.Nev. 1996)). Plaintiff has made no attempt to do so.

**2. <u>Plaintiff has not served defendant with other discovery</u>**

Plaintiff complains that "[d]efendant has issued numerous subpoenas and to date has not produced any discovery to Plaintiff from issuance of said subpoenas." Pl.'s Mot. But plaintiff has not served any requests on defendant, formal or informal, to produce such documents. *See AG-Innovations, Inc. v. United States*, 82 Fed. Cl. at 79 ("In order to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent.") (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298,

1310 (3d Cir. 1995)). If plaintiff desires discovery other than she requested in her Request for Production of Documents, she should ask defendant for it.

**3. <u>Defendant has deposed David Rooker, as it previously advised the Court and plaintiff</u>**

Defendant is baffled by plaintiff's claim she has no knowledge regarding the scheduling of a deposition of the "key witness" the Court referred to in its July 17, 2008, Order. On July 22, 2008, in response to that Order, defendant filed its Notice Regarding Deposition and Settlement, advising the Court that it deposed David Rooker on July 7, 2008. Defendant referred to Mr. Rooker in that filing as a "'key' witness who might have information relevant to plaintiff's liability for the penalties and which might enable the parties to settle this litigation." Plaintiff and her counsel attended that deposition and indeed refer to it earlier in her pending motion. Defendant has complied with the Court's Order of July 17, 2008, and we do not understand what plaintiff seeks to accomplish at a telephone hearing.

**4. <u>Plaintiff does not describe the "other outstanding issues" she wishes to discuss</u>**

In the "WHEREFORE" paragraph of plaintiff's motion, she requests a telephone hearing to discuss defendant's purported refusal to produce requested documents "and other outstanding issues." Plaintiff does not identify any such issues, and perhaps may not mean anything specific, much as plaintiffs often end Complaints with the catchall phrase "or such other relief as may be warranted." In any event, defendant is not aware of any "other outstanding issues." If there are any, plaintiff should specify them to justify her request for a hearing and so that defendant has an opportunity to consider them and respond in an informed manner.

## CONCLUSION

Plaintiff's motion is premature and unsupported. It should be denied.

Respectfully submitted,

s/ Richard H. Bowles
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26
Washington, D.C. 20044
(v) 202-307-6500
(f) 202-514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
STEVEN I. FRAHM
Acting Chief, Court of Federal Claims Section

August 12, 2008

s/ Steven I. Frahm
Of Counsel